# UNITED STATES DISTRICT COURT

### for the District of Arizona

FILED ✓
RECEIVED ___
LODGED ___
COPY ___

DEC 2 2 2021

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

R. Charles Bryfogle    Plaintiff    )
*In Propia Persona*    )
    )
v.    )
    )    Case No.   CV-21-546-TUC-DTF
1.Tim A. Livingston; 2. David Eby;    )
3. Neil Wiberg; 4. Zeeba Popat;    )    Jury Trial:  Yes
5. Jonah Todd; 6. Dev Dley    )
    Defendants    )

## COMPLAINT FOR A CIVIL CASE

**I.**    **The Parties in This Complaint**
**A.**    **The Plaintiff**

R. Charles Bryfogle
#84, 4315 N. Flowing Wells Rd.
Tucson Arizona 85705
(520) 441-8410 ph (520) 395-0865 fx
charles.bryfogle@gmail.com
PO Box 1552
Barriere BC Canada VOE 1EO
(250) 672-9934 ph (250) 672-9595 fx
charles.bryfogle@gmail.com

**B.**    **The Defendants**

Tim A. Livingston, Provincial Crown Counsel(1)
401-455 Columbia St.
Kamloops British Columbia V2C 6K4
(250) 828-4021 ph (250) 828-4080 fx
unknown e-mail

David Eby, British Columbia Attorney General(2)
PO Box 9044, Stn Prov Govt
Victoria BC V8W 9J7
(250) 356-0189 ph (250) 387-6224 fx
AG.Minister@gov.bc.ca                1

Neil Wiberg, Deputy Regional Crown Counsel (Provincial)(3)
401-455 Columbia St.
Kamloops British Columbia V2C 6K4
(250) 828-4021 ph (250) 828-4080 fx
neil.wiberg@gov.bc.ca

Zeeba Popat, Sgt., Royal Canadian Mounted Police(4)
E Division, 14200 Green Timbres Way
Surrey British Columbia V3T 6P3
(778) 290-3100 ph (778) 290-6052  fx
unknown e-mail

Jonah Todd, Corporal, Royal Canadian Mounted Police(5)
E Division, 14200 Green Timbres Way
Surrey British Columbia V3T 6P3
(778) 290-3100 ph (778) 290-6052  fx
unknown e-mail

Dev Dley, Justice of the British Columbia Supreme Court(6)
201-455 Columbia St.
Kamloops British Columbia V2C 6K4
(250) 828-4351 ph (250) 828-4332 [Brenda Strain, Clerk, BCSC Scheduling]
c/o Brenda.Strain@bccourts.ca

(1) Tim A. Livingston violated 18 USC 2515, starting in 2017, by using in judicial proceedings FBI evidence the police and justice system were told to not use.

(2) David Eby violated 18 USC 2515 in 2018 and 2021 by acting, upon constructive notice, to aid & abet the  use of FBI evidence prohibited from use in a judicial proceeding and obstruct its removal.

(3) Neil Wiberg violated 18 USC 2515 commencing in 2020 by acting, upon constructive notice, to aid and abet the use of FBI evidence, filed in court by an attorney under his control; suppressing disclosure of this evidence and obstructing the removal of the FBI evidence from court files.

(4) Zeeba Popat violated 18 USC 2515 starting in 2017 by using evidence the FBI had prohibited her from using; engaging in conduct unlawful under US and Canadian criminal law.

(5) Jonah Todd violated 18 USC 2515 in 2017 by making use of evidence the FBI had prohibited from use in quasi-judicial or judicial proceedings.

(6) Dev Dley violated 18 USC 2515 in 2021, following constructive notice, obstructed and perverted justice by blocking exposure of and removal of FBI evidence prohibited from use in the judicial proceeding; abusing his judicial authority, aiding/abetting and then constructively acting to intimidate a participant in a judicial proceeding.

2

**II.        Basis for Jurisdiction**
        [x] Federal Question

## A. Federal Question

1. 18 USC 2520(b) authorizes a civil action for equitable and declaratory relief, for damages by way of 2520(c); for punitive damages and litigation costs for violation of 2511(2)(a)(ii); damages for violation of 18 USC 2515, for acting in disregard of the prohibition of use of FBI evidence in any Canadian judicial proceedings. Upon receipt of the evidence, it was sanitized.(7) The RCMP [Popat and Todd] and prosecutor [Livingston] used the evidence in judicial proceedings,(8) later obstructing justice to hide its use, causing a series of discrete injuries to Plaintiff.

2. Repetitive violations occurred without any 18 USC 2517 authorization for use of the evidence in Canadian criminal judicial proceeding.

3. Suit is brought in Arizona since the injury to the Plaintiff was initiated in Arizona, carried out in Arizona, and perpetuated from 2017 to present in the US and Canada. Violation of 2515+2517 was suppressed by the RCMP and prosecutor 2017-present. In August 2020 a judicial order forced disclosure of the 1st proofs of violation of 2515 and 2517. In 2021, further proofs were secured, providing proof of willful violation of 2515 and 2517 by all six of the Defendants.

4. Defendants willfully violated 18 USC 2511+2515+2517, giving rise to the 2520(g) cause of action, creating injury to Plaintiff, entrapping 2 dozen state actors into violating 2515+2517. Defendants from 2017 onward, jointly and severally, conspired to cause injury to Plaintiff, by using the FBI evidence, then colluding to suppress its unlawful use. (9)

6. Defendant Popat conspired in 2017 to cause injury to Plaintiff, by entwining four senior RCMP officers to authorize a "big man" sting on Bryfogle, purporting that the FBI evidence proffered proof of involvement in a criminal act.(9)

---

(7) The FBI evidence was given to the RCMP without provenance. FBI evidence, "fruit of a poisoned tree", was "sanitized by 9 RCMP officers and employees between 29 March and 09 April 2017, by transcribing audio tapes, and then declaring them to be lawfully secured evidence.

(8) Evidence collected in the US was "mis-characterized" as proof Plaintiff was engaged in a criminal act, a myth known to be false by the RCMP from their continuous wiretap and surveillance of Plaintiff.

(9) Even though RCMP illegal (12/16 to 13/04/17) and legal (after 13 April 2017) wiretaps proved Plaintiff had NO knowledge of or awareness of the alleged criminal conduct of Holland, the Plaintiff suffered injury from the delusion crafted by Popat and Livingston that Plaintiff **was involved.**

7. Defendants Livingston, Popat and Eby in 2018 conspired to charge Plaintiff with a criminal contempt for his disclosure to Eby and the RCMP of the illegal use of the FBI evidence in their charges against Holland (and against the Plaintiff).(10)(11)

8. Defendants Wiberg in 2020, and Defendants Eby Dley, in 2021, obstructed justice/suppressed disclosure of the continuing retention+use of the FBI evidence in Canadian criminal judicial proceedings absent any waiver, without provenance, in continuous violation of 18 USC 2515..

9. Defendants Livingston, Popat and Todd violated 18 USC 4 in 2017-2018; Defendant Eby, Wiberg and Dley violated 18 USC 4 after 14 January 2021(12).

10. The violations of 2511+2515+2517, attributed to all Defendants, were given notice in a BC Supreme Court criminal appeal, with draft indictments filed in 105679 Kamloops.(13)

11. Defendants Eby, Wiberg and Dley, relating to "cancellation of a 12 October 2021 hearing", engaged in conduct which violated 18 USC 1963(c).

12. Where, when, or if criminal facilitation charges are before the BC Supreme Court. Where, when RICO criminal facilitation charges are to be heard is before this court.(14)

---

(10) The criminal contempt charge brought against Plaintiff in 2018 followed Plaintiff's notice to the RCMP and Eby on 01 May 2018 that "evidence" read 27 April 2018, in a "Report to Crown Counsel", was "fruit of a poisoned tree", used illegally. Proofs were in file, but suppressed, secured only by way of a 27 August 2020 judicial order compelling disclosure of evidence Plaintiff alleged to provide proof he had been illegally convicted, sentenced and jailed. The disclosed evidence did just that.

(11) What also rendered this charge "illegal" was the prior determination by a BCSC justice that no contempt had been done. Livingston knew this, and ignored the BCSC justice's ruling. The BCSC justice authorized Plaintiff to bring charges against those who fabricated the charge [Livingston, Popat], but the vagaries of the BC justice system disallowed having this heard prior to appeal.

(12) To forestall disclosure of the FBI evidence (and violation of 2515), Livingston engaged in perjury, and subornation of perjury, in 2019, to suppress disclosure of his involvement with the FBI evidence.

(13) Draft indictments were served on 30 state actors on 12 and 16 July 2021, including the defendants: Livingston (15)  Eby (7)  Wiberg (5)  Popat (12 ) Todd (5)  Dley (3). The 12 October 2021 episode will result in additional indictments against Eby, Wiberg and Dley given notice to BC court in 12/21.

(14) Criminal facilitation was brought forward by draft indictment on 16 July 2021, against five of the six defendants. Evidence in hand is sufficient to bring indictment for violation of s.463-465, s.467.11-467.13 of the *Canadian Criminal Code* in July 2021. By December 2021 the Defendants, jointly and severally, have been engaged in a year long pattern of obstruction of justice /perversion of the course of justice, hindering prosecution, refusing to address criminal charges or respond to motions or briefs. The BC Supreme Court justice in Plaintiff's appeal has a year of unanswered motions and briefs before him.

13. No wrong is attributed to the actions of the Federal Bureau of Investigation.(15)

14. Plaintiff suffered injury in the US and Canada from the Defendants use of wiretap evidence, surveillance and tracking, done, both legal and illegal, from late 2016 to present.  From all of the 1000 pages of FBI evidence disclosed to the RCMP/Crown, there is not one scintilla of proof the Plaintiff had any knowledge of, or involvement, in any criminal act.

15. To accomplish their collective criminal enterprise, Defendants engaged in other criminal acts, arising out of their violation of 18 USC 2515+2517 [gives rise to the 18 USC 2520 civil action], for injuries arising from violation of 18 USC 402 [s,21-24 *Canadian Criminal Code*], 1503 [s.139(2)(3) *Canadian Criminal Code*, 1512+1513 [s.423.1(1) (b) *Canadian Criminal Code*].

## B. N/A

## IIIA.  Statement of Claim

16. The Plaintiff is a citizen of Canada, part time resident and owner of property in Tucson Arizona. Plaintiff's (a) claim for relief in a US District Court can only be addressed by a US court, for violation of US criminal law; for injuries suffered from violation of 18 USC 2511, 2515, 2517; and 18 USC 4, 402, 1503 and 1512-1513.

17. Defendant Tim A. Livingston, a Crown Counsel [state prosecutor], on and after 29 March 2017 illegally made use of information sent to the RCMP, E Division [Major Crimes],from the Office of the Legal Attache, US Consulate, Vancouver BC.

17.1 The 29 March 2017, letter, and prior and subsequent letters, stated evidence provided was to be used for "intelligence and lead purposes only, prohibiting any overt investigative steps or legal process, or use in any legal proceedings".  It was disseminated to the RCMP, to be used to enhance RCMP's investigation (only); and not be used in any court proceeding.

17.2 The information, including undocumented audio tapes and other evidence, was used by the RCMP and Livingston to create a "Report to Crown Counsel" alleging criminal acts by a Z. Holland, and also Plaintiff, with all of the FBI evidence filed in 105848 Kamloops.

(15) Plaintiff, in the 1980s/1990s, was involved in criminal and civil litigation in Tucson JP, Superior and Appellate, and the US District Court, involving 3 RICO and Qui Tam cases, and over 50 criminal cases in Arizona courts; giving Plaintiff a clear understanding of how local law enforcement makes use of FBI evidence.  The RCMP breach was blatantly obvious, and reported 01 May 2018.

17.3 Livingston's involvement with the F BI evidence is found in more than 1000 pages of correspondence, including the prohibition letters, lodged in the criminal case against Holland [105848 Kamloops], suppressed by Livingston from 2018 onward.(16)

17.4 On 30 May 2017, during a RCMP interview, it was revealed Plaintiff was the subject of a criminal investigation. He had"blown the whistle" on an illegal RCMP undercover officer "big man" sting 26 May 2017, when 4 undercover RCMP officers attempted to have Plaintiff engage in a criminal act. It was later found the RCMP KNEW the Plaintiff had not engaged in any criminal act before 26 May 2017. Plaintiff discovered he was wire taped, surveilled, tracked by RCMP officers. Plaintiff discovered illegal and legal Canadian and US wiretaps; discovering the RCMP knew it had not one scintilla of evidence of criminal conduct from their wiretaps.

17.5 In April 2018, Livingston appeared in proceedings against Holland in 33443 Williams Lake, trying to have Plaintiff barred. Allowed to assist Holland, and give testimony, Plaintiff read the "Report to Crown Counsel", seeing charges against Holland were based on "fruit of a poisoned tree" [FBI evidence not allowed to be used in any quasi judicial or judicial proceeding].(17)

17.6 Plaintiff informed his RCMP contact and David Eby, the BC Attorney General, by e-mail.

17.7 Livingston directed first one, then a second RCMP officer to bring criminal charges against Plaintiff for doing so [Plaintiff was later convicted, sentenced and jailed for sending the e-mail].

17.8 Livingston was told, and ignored that BCSC Justice Tamman, before whom Plaintiff had appeared, had deemed Plaintiff's conduct was not criminal. This was noticed to Livingston, who ignored it, directing criminal charges be laid against Plaintiff when 33443 WL ended, when Mr. Justice Tamman's jurisdiction over the Plaintiff ended. (18)

---

(16) From 2018-present, Livingston refused to provide any of the FBI evidence specifically requested. In 2021, Deputy Regional Crown Counsel Wiberg was compelled to provide evidence, which Wiberg agreed to do, but then refused to provide [since February 2021].

(17) Involvement in criminal cases in Tucson for two decades, constraints imposed by the FBI upon local law enforcement was known to never found to be breached since all such evidence would be subject to being struck. It was blatantly obvious FBI evidence found in the Report to Crown Counsel was improper, illegal usage of FBI disclosures in a judicial proceeding. Both the RCMP and Livingston, in 2017-2019, refused to provide evidence specifically sought, regarding breach of 2511+2515+2517.

(18) On 25 October 2019 Mr. Justice Tamman authorized Plaintiff to bring criminal charges against Livingston for bringing the criminal charges [s. 8, *Canadian Criminal Code*, for abuse of process] in breach of his determination no wrong had occurred. This is "at issue" on appeal.

17.9 Before conviction, sentencing and jailing, Livingston refused to provide the FBI evidence during discovery. After conviction, sentencing and jailing, the sentencing judge directed on 27 August 2020 evidence be produced that proves Plaintiff had been illegally convicted sentenced and jailed by him, in part by suppressing the FBI evidence. This was the first disclosure of the FBI evidence. Disclosures in 2021 broke the log jam of 1000 pages of evidence filed and suppressed; the first proofs of direct violation of 18 USC 2511, 2515 and 2517 .(19)

17.10 Upon disclosure (and suppression) of the evidence ordered by Judge Cleaveley, Livingston engaged Justice Dley to issue a gag order prohibiting Holland from producing any more of the 1000 pages of FBI evidence disclosed to her by Livingston. In 2021, Eby, Wiberg and Dley aided Livingston obstruction of justice by furthering suppression of the FBI evidence, to escape the consequence of the state's, and Livingston's, ongoing violation of 2515 and 2517.(20)

17.11 Livingston intimidated a participant in a judicial proceeding to suppress exposure of the 2515/2517 breach, violating s.423.1(1)(b) of the *Canadian Criminal Code* [18 USC 1512/ 1513]; conduct aided and abetted by Eby, Wiberg and Dley in 2021, by refusing to do their duty.(21)

17.12 In March 2021, notice of the s.423.1(1)(b) charge resulted in the removal of Livingston as Crown Counsel in 105848, with Justice Dley suggesting Livingston "get an attorney".

17.13 Livingston refused to respond to the 15 draft indictments served upon him.

17.14 These actions have caused injury to Plaintiff, as set down below in individual Counts.

---

(19) Specifically, the 21 September 2020 disclosure provided absolute proof of Livingston's perjury and subornation of perjury. It also provided proofs regarding the motive and premise of Popat and Livingston to attack the Plaintiff and neutralize him in 2018. The 21 September 2020 disclosure, suppressed, not filed by Crown, was otherwise secured, including the FBI "do not use" letters. The abuse of process by Livingston, Eby and Popat has been before the court since 13 January 2021.The perjury issue has been before the BCSC since 07 June 2021. Hearings have been repeatedly postponed

(20) The "gag order" was accomplished by utter disregard of Canadian criminal code requirements, noticed to Dley (who ignored, then blocked any hearing to address the gag order). The issue was brought forward in 105679 Kamloops January 2021. There has been no written response nor hearing of the issue due to continuous "kicking the can down the road" delays of any hearing. The gag order issue has been before the BCSC since 13 January 2021. Dley issued the 12 October 2021 postponement against himself.

(21) Eby, Wiberg and Dley were forced into legal responsibility for the inactions of Livingston by way of "caution letters" setting forth an alleged breach in criminal law, compelling response and action. Neither response nor action followed. The caution letters to Eby and Wiberg commenced January 2021. Dley received formal notice with service of draft indictments on 16 July 2021.

18. Defendant David Eby, at all times material the British Columbia Attorney General, involved himself in the illegal arrest of Bryfogle in 2018; violating 2515/2517 by aiding and abetting,and conspiring to the ongoing suppression of the FBI evidence by the RCMP and Livingston. From 2018 onward, Eby, faced with proof of absence of provenance and illegal use of FBI evidence, conspired to silence  demand for proof of provenance and waiver; sitting on his hands; allowing ongoing violation of 2511+2515+2517 to continue unabated [for certain to 2020, possibly now].

18.1 Eby aiding and abetting, injury to Plaintiff in 2018-2019, joining into the abuse of process engaged in by Livingston, addressed by Justice Tamman, causing injury to Plaintiff.

18.2 In 2021,  Eby received a series of constructive notices of ongoing suppression of the FBI letters and evidence by Livingston, followed in 2020-21 by suppression of the FBI evidence by three prosecutors in the Kamloops Crown Office, including its supervisor, Wiberg.

18.3 This was done by Eby to cover up Defendant Livingston's continuous efforts to suppress exposure of misuse of the FBI evidence, causing direct injury to Plaintiff.

18.4 Eby obstructed/perverted the course of justice, aiding and abetting, or directing, a wall of silence by the BC justice system [for which he has direct, primary responsibility], conspiring with others to make no answer to motion or brief filed, violating 2515/2517 , 402 and 1503.(22)

18.5 Eby failed to respond to draft indictments sent to him, charging him with violation of CA criminal law, and violation of 18 USC 2515. Eby was informed of the breach of 18 USC 2511+ 2515+2517, and taking no action to inform law enforcement, violated 18 USC 4.(23)

---

(22) Motions were filed in 105679 Kamloops, Plaintiff's criminal appeal, ignored by the BC Attorney General [ Eby] and the Crown (state prosecutor Defendant Wiberg to May 2021), surrendering state jurisdiction over the matter to Plaintiff. A motion addressing Abuse of Process by Livingston and Wiberg was filed 26 October 2020, motion to address intimidation of a participant in a judicial proceeding filed 13 January 2021, motion to order Plaintiff access to the intimidated participant in a judicial proceeding filed 25 May 2021. Determination why the 12 October 2021 hearing was postponed, by Defendant Mr. Justice Dley, to block hearing of charges against him, will be before the BCSC in January 2022.

(23) 18 USC 4 [Misprision of Felony] states "[w]hoever, having knowledge of the actual commission of a felony coginable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both". Notice of violation of US law was given notice by Affidavit filed 13 August 2021, preceded by caution letters to Eby, Wiberg and Livingston, and supplemental notice accompanying draft indictments. Notice of violation of US criminal law was filed 30 July 2021 restated with specificity 30 August 2021 by amended motion, by affidavit filed 29 September 2021. A 30 July 2021 law brief detailed violation of Title 18 by the Defendants.

18.6 The injuries visited upon Plaintiff are set forth by the individual Counts set forth below.

19. <u>Defendant Neil Wiberg</u>, the Deputy Regional Crown Counsel [state prosecutor], suppressed evidence ordered by Judge Cleaveley on 27 August 2020, including illegally used FBI evidence. Wiberg refused to file the affidavit containing the evidence; refused to release portions of the disclosure (a) proving Plaintiff's illegal arrest, conviction, sentencing and jailing; (b) proving Livingston perjured himself; (c) proving Plaintiff was subject to wiretap/surveillance based on misuse of the FBI evidence; (d) proving FBI evidence was mis-represented to senior RCMP officers to secure an illegal "big man" sting ; (e) proving FBI evidence was fraudulently mis-represented  to BCSC justices; (f) proving the defendants knew Plaintiff had no knowledge of or participation in the criminal charges against him; causing direct, ongoing injury.

19.1 Wiberg suppressed disclosure of the FBI evidence filed 105848 Kamloops, and colluded to deny production of the evidence, even after he agreed to produce it; obstructing justice; causing direct, quantifiable injuries to Plaintiff.

19.2 Wiberg aided and abetted ongoing criminal conduct by lawyers under his supervision, and by his own actions, obstructing disclosure FBI evidence had been "sanitized" (a) secured without provenance (proof of chain of custody); (b) fraudulently misrepresented as being lawfully obtained (failing to note absence of waiver or judicial authorization); injuring Plaintiff.

19.3 Wiberg aided and abetted the wall of silence from the BC justice system [responsible for the conduct of prosecutors under his supervision, and as counsel representing the state], conspiring with state actors to not answer any motion or brief filed in 2021, causing injury to Plaintiff.(24)

19.4 Wiberg failed to respond to the notice of ongoing and continuous breach of 2515/2517.

19.5 Wiberg failed to respond to draft indictments charging him with criminal conduct.

19.6 Wiberg  violated 18 USC 4 in the furtherance of suppressing violation of 18 USC 2515-17.

---

(24) Central to the "wall of silence" has been complicity by Eby and Wiberg in facilitating perpetuation of the gag order issued by Defendant Dley in December 2020, restated July 2021, executed at the request of Livingston, against Z. Holland; done after her excited utterance 04 August 2020 that she had proof of Plaintiff's illegal conviction, sentencing and jailing, after the 27 August order from the sentencing judge compelling release of evidence of the  illegal conviction, sentencing and jailing, after the 21 September 2020 Holland disclosure by affidavit which Wiberg suppressed.  Livingston had disclosed to Holland the FBI evidence as defendant in 105848. The gag order on Holland violated Canadian criminal law, done to avoid disclosure of criminal conduct by state actors. The gag order was imposed in Plaintiff's appeal, over which Dley had <u>not one scintilla of jurisdiction</u>, done to suppress 1000 pages of FBI evidence.

19.7 In May 2021, Wiberg withdrew as state prosecutor in 105679 stating a conflict of interest [criminal charges brought against him and prosecutors in the Kamloops office], surrendering to the Plaintiff jurisdiction over criminal charges.. Wiberg failed to address demand for removal of the gag order, or deal with the illegal "global" application of the gag order..(24)

19.8 Wiberg became entangled when he assumed the mantle of state prosecutor in Plaintiff's appeal in 2020. It is unknown why Wiberg violated his duties as a state prosecutor, and violate first Canadian, then US criminal law, for the benefit of state actors who had committed criminal acts in Canada and the United States. No matter the reason, Wiberg caused injury to Plaintiff.

19.9 Wiberg was offered in July 2021 opportunity to give testimony against other defendants, to avoid prosecution. Wiberg either elected to not take the offer to turn state's evidence, or was blocked from doing so. The extent of this injury requires disclosure of which option is correct.

19.10 Wiberg, by removing himself as Crown Counsel, and with the state making representations thereafter, left a vacuum in the criminal appeal. State representation was surrendered to Plaintiff. Plaintiff used entitlement found in the *Canadian Criminal Code* to bring criminal charges, with draft criminal indictments, serve upon the six defendants, and 24 other Canadian state actors.(25)

19.11 Wiberg caused a series of injuries to Plaintiff addressed in the Counts set forth below.

20. Defendant Zeeba Popat, a sergeant in E Division (Major Crimes),Royal Canadian Mounted Police, fabricated criminal evidence against Plaintiff in February 2017, creating knowingly false mis-representation Plaintiff was involved in criminal conduct charged against Holland. RCMP legal and illegal wiretap evidence disclosed in May 2017 confirms Popat knew, in March-April 2017, that there was not one scintilla of proof Plaintiff had any knowledge of the criminal acts alleged against Holland. Popat formulated and perpetuated the "states conclusion and position Plaintiff must be and was involved". By doing so, Popat injured Plaintiff, entangled four senior RCMP officers and four undercover RCMP officers into a technical violation of 18 USC 2515..

---

(25) Indictments were given notice and served upon the defendant as follows, on 12 and 16 July 2021: Tranche 1: Eby, Popat and Livingston, and two others for the 2018 illegal arrest, conviction, sentencing and jailing of Plaintiff. Tranche 2: Livingston and one other for perjury and subornation of perjury. Tranche 3: Livinston, Wiberg and others for violation of s.423.1(1)(b)/18 USC 1512+1513. Tranche 4: Livingston, Popat and over a dozen others for predicate phase criminal facilitation, in violation of s.463-465(1)(b)/18 USC 1963( c). Tranche 5: Eby, Popat, Livingston, Wiberg, Dley and 3 others for criminal enterprise, in violation of s.467.11-467.13/18 USC 1963( c). Defendant Todd was not served; involved for the misuse of the FBI evidence in his 13 April 2017 omnibus affidavit issued by Justice Powers.

20.1 Popat knew of and mis-represented the FBI wiretap evidence against Plaintiff in March 2017, to secure senior RCMP officer approval for a "big man" sting, with the primary if not sole purpose to get Plaintiff to commit a criminal act to tie him to the charges alleged against Holland. Popat's criminal misuse of FBI evidence caused injury to Plaintiff, entrapping RCMP employees and officers into violating not only Canadian criminal law, but also 18 USC 2515.(26)

20.2 Popat involved herself in the illegal arrest of Plaintiff, taking the direction of Livingston to arrest Plaintiff on a criminal charge for conduct a BCSC justice deemed to not be criminal.(27) This action, undertaken at Livingston's direction, caused injury to Plaintiff.

20.3 It is not known to what extent Popat involved herself in the arrest of Plaintiff in furtherance of the Eby+Livingston effort to suppress disclosure of the FBI evidence which Plaintiff reported to them 01 May 2018 to be "fruit of a poisoned tree", used in violation of 2511/2515/2517.

20.3 Popat perpetuated ongoing misuse of the FBI evidence, in breach of 2515/2517.

20.4 Popat failed to respond to draft indictments charging her with criminal conduct.

20.5 Popat violated 18 USC 4 in the furtherance of making illegal use of FBI evidence, in violation of 18 USC 2515-17.

20.6 Popat violated US and Canadian criminal law by making use of the FBI wiretap/surveillance and tracking evidence in the United States, causing injury to Plaintiff.

---

(26) On 26 May 2017, four RCMP officers appeared at Plaintiff's home alleging to be bounty hunters, asking Plaintiff for $25,000 for the arrest of a BCSC justice and others. Plaintiff's wife refused, Plaintiff reported to episode to the RCMP, the RCMP knee jerked. On 30 May 2017, two RCMP officers were sent to Plaintiff's home by RCMP Superintendent Fitzpatrick. During the 3 hour interview, Plaintiff extracted from the RCMP officers evidence Plaintiff was subject to allegations of criminal conduct (of which he had no knowledge), that Plaintiff had been FBI wiretapped, surveilled, tracked in the US; also wiretapped in Canada by the RCMP, illegally (pre 13 April 2017) and legally (13 April 2017). The transcript of the meeting suggests the RCMP officers had no clue they had been the ones examined,. The two RCMP officers provided absolute proof the RCMP KNEW Plaintiff had no knowledge/involvement in the alleged crimes for which he was being charged. The interview in fact had been orchestrated to discover what Plaintiff knew when Plaintiff blew the whistle on the "big man" sting. It was only in 2021 that Plaintiff discovered Popat had sent out the undercover RCMP "bounty hunters" without providing them s.25 cover, which has resulted in their being subject to arrest and prosecution.

(27) It was reported to Livingston on 12 May 2018 by Crown Counsel Fung that Mr. Justice Tamman, upon application by Fung, had refused to deem Plaintiff's conduct to BE CRIMINAL [writing to the Attorney General that Livington's case against Holland was bogus]. After the 33443 trial concluded, Livingston ordered initiation of summary conviction charges for conduct deemed not to be criminal by Mr. Justice Tamman. Judge Cleaveley [provincial court/JP court], prior to conviction, stated Plaintiff could appeal if he wished to make use of Mr. Justice Tamman's prior determination. Plaintiff did.

21. <u>Defendant Jonah Todd</u>, a corporal in E Division (Major Crimes),Royal Canadian Mounted Police, reformatted the FBI evidence, now "sanitized", presenting it by affidavit to Justice Powers, to secure a wiretap/surveillance/tracking order including Plaintiff.

21.1 By doing so, Todd injured Plaintiff, entangling Plaintiff, subjecting Plaintiff to wiretap surveillance and tracking for at least 4 years [the 13 April 2017 Todd affidavit was renewed in February 2020 by Livingston]; invading Plaintiff's privacy for four years where the RCMP knew Plaintiff had not participated in the criminal conduct alleged against Holland.

21.2 Todd had reason to know, from evidence provided by Plaintiff to the RCMP in 2017-2018, that charges alleged against Holland (and Plaintiff) were (a) fruit of a poisoned tree" FBI evidence used without proven provenance, in violation of 18 USC 2515; and (b) "fruit of a poisoned tree" evidence disregarding plain and unambiguous disclosure of fact and law to the RCMP in 2018 that no criminal conduct could be engaged by Holland, where she was acting within her rights and duties as a judicial officer of the Tsilhqot'in Nation.(28)

21.3 The extent of injuries to Plaintiff by Todd awaits several disclosures.

22. <u>Defendant Dev Dley</u>, a senior justice of the British Columbia Supreme Court [equal to an Arizona Superior Court], involved himself in continuing suppressing of FBI evidence Livingston had filed in 105848 in 2018 [a criminal case he took over in 2020 from Justice Donegan].

22.1 It is probable Dley did not know he was violating 18 USC 2511+2515+2517 until Plaintiff told him (Dley) he was, in 2021, by motion and affidavit.

22.1 The first action of Dley to violate 18 USC 2515 was Dley's issuance of a 17 December 2020 gag order as part of a "bail release", requested by Livingston, imposed for the sole purpose of blocking further release of evidence Judge Cleaveley had ordered released on 27 August 2020.

22.2 In 2021, Dley engaged in judicial misconduct, perverting the course of justice, by refusing to allow hearing on the gag order, not complying with provisions of the *Canadian Criminal Code* requiring justification to bar communication; much less in a case outside his jurisdiction. Dley obstructed justice by refusing to allow hearing to compel lifting of the ban from access and use of the FBI evidence, filed in 105848, then buried; in violation of 18 USC 2511+2515+2517.

_____

(28) Not directly germaine to the 2520 case, the 2016-2018 refusal by Eby, and his predecessor attorney general, relating to the legality of the Tsilhqot'in Nation and its court, are predicate acts to claims arising in 18 USC 1963 ( c).

22.3 Dley in March 2021 engaged in judicial misconduct and prospective criminal conduct by having the clerk refuse filing of Plaintiff's motion seeking hearing on the gag order, to compel disclosure of FBI evidence in the public record under his control; and to address Dley's statutory duty to not hinder a participant in a judicial proceeding from complying with a judicial order [i.e., continuing compliance of disclosure of FBI evidence in the possession of Holland].

22.4 Dley obstructed the release of the FBI evidence, sequestered and buried, without lawful premise, by Dley and his predecessor [Madam Justice Donagan]; causing an ongoing injury to Plaintiff, done through intimidation of his witness and source of judicially ordered access to the FBI evidence; in violation of s.423.1(1)(b)/1512/1513.

22.5 By July 2021, Dley's conduct breached "pattern" standards set in18 USC 1963( c).

22.6 From January 2021 onward, Dley had constructive notice, done by affidavit, that he was obstructing the judicial process by suppressing the FBI evidence filed in a criminal proceeding under his control. Dley knew Livingston was removed as prosecutor in 105848 due to Plaintiff's s.423.1(1)(b) [1512/1513] charges. Dley saw each of the successive prosecutors charged with violation of s.423.1(1)(b), for refusing to remove the gag order, and obstruct the disclosure of the FBI evidence kept secreted in the public record by Dley.

22.7 Dley ignored the fact Plaintiff had an order from Judge Cleaveley for release of the FBI evidence, which proffered proof Plaintiff had been wrongfully convicted, sentenced and jailed; and that Livingston and others had violated 18 USC 2511+2515+2517.

22.8 That Dley was aware of what he was doing is found in the record of proceedings before him which Plaintiff observed sitting mute in the courtroom.

22.9 At several points in time, at several hearings, Dley stated Plaintiff was "communicating" with Holland [Plaintiff sat mute, never once talking to Holland]. Transcripts of these episodes are illuminating as to Dley's mental state.

22.10 By summer 2021, Dley was observed to refuse to recuse himself, even upon notice of judicial misconduct and lodged draft criminal indictments..

22.11 Dley restated/reconstituted the gag order on 05 July 2021, whereupon Plaintiff prepared and served Dley with draft indictments charging Dley with violating s.423.1(1)(b) intimidation of a witness in a judicial proceeding, and s.139(2)(3) obstruction of justice, of ongoing/continuing suppression of the FBI evidence ordered released by Judge Cleaveley.

22.11 In 2020-2021, the suppression of the FBI evidence was done at the request of Livingston, continued by two prosecutors [Chris Balison and Kris Pechet],  executed by Madam Justice Donegan in 2019 and Mr. Justice Dley in 2021.

22.12 On 12 October 2021, sitting as the scheduling justice, Dley informing Plaintiff his hearing before Mr. Justice Hori, the case management justice in 105679, was adjourned for 3-1/2 months, refusing to answer why the delay [for the third time in a year] and why was he appearing to stay hearing of a case involving criminal charges lodged against him.

22.13 Dley caused injury to Plaintiff by abusing his authority to suppress and block Plaintiff from access to FBI evidence in 2020.  By 2021, he (Dley) knew his actions violated the *Canadian Criminal Code*, and violated 18 USC 2511+2515+2517.

22.14 The extent to which Dley was involved in the "Wall of silence" that descended upon Plaintiff in late 2021 has yet to be disclosed.

22.15 The injuries visited upon Plaintiff are set forth by the individual Counts set forth below.


**IIIB.  Statement of Claim by the Count**

23      Count 1A: Use and Abuse of FBI Evidence by Prosecutor and Police
        Running from January 2017 to April 2017
        Involving Livingston, Popat and Todd; and 17 RCMP officers and employees
        Violating 18 USC 2511+2515+2517; a predicate act in violation of 18 USC 1963 ( c);
                violation of 18 USC 402 and 18 US 1503+1505
        Violating s.8, 21-22, 139(2)(3) of the *Canadian Criminal Code*; with Popat causing the
                17 RCMP officers and employees to violate 2515; with Todd causing one or more
                BC Supreme Court justices to violated 2515


24      Count 1B: Misuse of FBI Evidence to Entrap and Cover Up After Exposure
        Running from May 2017 to September 2017
        Involving Livingston, Popat, Todd, Eby, five other RCMP officers and an agent
        Violating 18 USC 2511+2515+2517; a predicate act in violation of 18 USC 1963 ( c)
                violation of 18 USC 402 and 18 US 1503+1505

14

Violating s.8, 21-22, 139(2)(3) of the *Canadian Criminal Code*; with Popat also engaging
in violation of both US and Canadian criminal law in May 2017; entrapping four
RCMP officers into engaging in a criminal act.

25      Count 2A: Misuse of FBI Evidence to Obstruct Justice By Perverting the Judicial Process
Running from 26 April 2018 to 29 August 2018
Involving Livingston, Popat, Eby, another RCMP officer and a prosecutor
Violating 18 USC 2511+2515+2517; a patterned conduct in violation of 18 USC 1963( c)
violation of 18 USC 402 and 18 US 1503+1505; 1509 and 1510
Violating s.8, 21-22,131,137,138,139(2)(3) of the *Canadian Criminal Code;* by way of a
false arrest executed to neutralize Plaintiff, in violation of a prior judicial ruling.

26      Count 2B: Misusing the Judicial Process to Bring Illegal Criminal Charges to Fruition
Running from 01 October 2018 to November 2019
Involving Livingston and an RCMP officer
Violating 18 USC 2511+2515+2517; a patterned conduct in violation of 18 USC 1963( c)
violation of 18 USC 402 and 18 US 1503+1505;1509+1510
Violating s.8, 21-22,131,137,138,139(2)(3) of the *Canadian Criminal Code*; engaging in
perjury and suppression of the FBI evidence lodged in the public record .

27      Count 3: Criminal Enterprise to Suppress Disclosure of FBI Evidence and Its Misuse
Running from 27 August 2020 to present
Involving Livingston, Eby, Dley, Wiberg, and 4+ prosecutors
Violating 18 USC 2511+2515+2517; a patterned conduct in violation of 18 USC 1963( c)
violation of 18 USC 402 and 18 US 1503+1505; 1509+1510
Violating s.8, 21-22,138,139(2)(3), 423.1(1)(b),463-465; 467.11-13 of the *Canadian
Criminal Code*; conspiracy to suppress disclosure of the FBI evidence judicially
ordered., perpetuating abuse of the judicial process and system.

28 <u>Count 4:Criminal Facilitation to Avoid Addressing Violation of 18 USC 4 and 2515</u>

Running from 27 August 2020 to present

Involving all six defendants

Violating 18 USC 2511+2515+2517; a patterned conduct in violation of 18 USC 1963( c) violation of 18 USC 402 and 18 US 1503+1505; 1509+1510; violate 18 USC 4.

Violating s.8, 21-22,131,137,138,139(2)(3), 467.11-467.13 of the *Canadian Criminal Code*. State actors (defendants) failed to address indictments served upon them noting violating Canadian and US criminal enterprise statutes; each one refusing to address their own misconduct which breached 18 USC 2511+2515+2517; with a wall of silence starting 08 October 2020, running to the present; refusing to self report and report those known to have violated 18 USC 2511+2515+2517.


29 <u>Count 5: Criminal Conduct by Defendant Dley to Avoid Disclosure of 2515 Violation</u>

Running from 17 December 2020 to present

Involving Dley

Violating 18 USC 2511+2515+2517; a patterned conduct in violation of 18 USC 1963( c) violation of 18 USC 1503+1505; 1509+1510

Violating s.8, 21-22,139(2)(3); 467.11-467.13 of the *Canadian Criminal Code*; willful judicial misconduct cascading into criminal conduct by a sitting judge.


30 <u>Count 6: Obstruction of the Judicial Process to Avoid Disclosure of 2515 Breach</u>

Running from 01 May 2021 to present

Involving Eby, Livingston, Wiberg

Indirectly violating 18 USC 2511+2515+2517; patterned conduct violating 1963( c) violation of 18 USC 402 and 18 US 1503+1505; 1509+1510

Violating s.8, 21-22,139(2)(3) of the *Canadian Criminal Code*; abrogating s.579 jurisdiction to avoid responding to criminal charges, creating/facilitating an "independent prosecution" against state actors. .

16

31      Count 7: Interference With and Obstruction of the Judicial Process

Running from a date yet to be determined, arising from the 12 October 2021 3rd

postponement of hearing; involving Dley; otherwise yet to be determined

Indirectly violating 18 USC 2511+2515+2517; a possible patterned conduct in violation

of 18 USC 1963( c); violation of 18 USC 402 and 18 US 1503+1505; 1509+1510

Violation of s.8, 21-22,139(2)(3) , of the *Canadian Criminal Code* by parties yet to be

disclosed to interfere and obstruct the judicial process, to avoid disclosure of

proof of violation of 18 USC 2511+2515+2517; abuse of the judicial process by

parties yet to be determined, to avoid exposure of criminal charges against them..

## IV. Relief

32  Violations set forth above, by the count, are based on evidence in hand . Counts 1-4 address "concluded" criminal conduct, the consequences are at issue both in BCSC 105679 Kamloops, but also in this USDC civil action.

33 Never ending, cascading violation of 18 USC 2515 by defendants is central to the USDC proceeding, but tangential as causation for the criminal conduct of state actors in their misuse and abuse the judicial process in British Columbia; and willful breach of US law .

34  A statement of actual damages is inappropriate at this time since while the reality the crime is identified, the extent to which, and the raison d'etre for each defendant's conduct, has yet to be determined.   Statutorily mandated damages, compensatory damages, and punitive damages cannot be quantified before disclosure is compelled upon defendants to divulge to number of times, and nature, of their breaches of Canadian, and United States criminal law.

35 Defendants jointly and severally blocked disclosure or answer to charges laid against them.  In spite of this "wall of silence" , sufficient evidence was secured to bring preliminary indictments against them. The extent to which the defendant interfered with any attempt or interest of 24 entrapped state actors to appear, give testimony on 12 October 2021, and escape further criminal proceedings, has yet to be discovered.

36 The defendants misused the justice management and judicial system to avoid exposure; avoid having to answer to criminal charges; the extent of which has been suppressed, by the very persons who are responsible for upholding the justice system; enabling themselves to stand mute.

37  A precise compulsion of examination of the 6 defendants, and this court's AND the BCSC's orders for examination of the six defendants, and examination of the 24 state actors  entrapped into aiding and abetting the criminal conduct of the 6 defendants by one or both courts , will enable a precise computation of statutorily mandated, and compulsory and punitive damages.

38  The 6 defendants allowed criminal conduct to metastasize into an uncontrollable morass of cascading misconduct resulting in a year long "wall of abject silence", and abrogation of  duties as the chief law enforcement officer, police officers, prosecutors and judge; once it was plain and obvious, upon constructive notice, that they had violated Canadian and US criminal law.

39 What will be telling, and determinative of the breadth and extent of compensatory and punitive damages will be [1] defendant's answers and defences; and [2] whether defendants acknowledge or refuse to admit criminal conduct proven by inescapable, indisputable evidence and [3] to what extent examination of 24 less than willing parties provide evidence of the nature of and extent of the 6 defendant's willful misconduct and abuse of the judicial system.

40  The *actus reus* is inescapably proven by the defendant's own documents.  At issue is not the *mes rea*, but extent and breadth of the *mens rea*. The nature and extent of the relief appropriate for the misconduct of defendants has yet to be fully comprehended, [under "normal circumstances" defendants would have been all but compelled to plead out, but being the ones in "charge", they jointly and collectively engaged in an institutional obstruction of justice for a year].

41 18 USC 2020 ( c) sets forth a process for computation of mandatory relief which cannot be quantified until the court orders production of evidence suppressed by state actors, and thereupon applies the standard set by 2020( c)(2) for each defendant, for each count.  18 USC 4, 402, 1503+1505+1509+1510, and 1512+1513; each have separate bases for damages, which cannot be determined until after the examination set forth in paragraph 37 above is concluded.

42 Examination of defendant shall provide premise to access damages against Popat for violation of 18 USC 3121 [s. 492.2 *CCC*].

43 Examination of defendants shall provide the court with the basis to conclude whether 18 USC 1963( c) should accrue to this proceeding or stand separately.

44 Predicate and ongoing violations of the US RICO statute and its Canadian equivalent [s463-467.13 *CCC*] are proven by evidence in hand; but not yet fully proven is the extent and breadth of 1963( c) by each of the defendants.

18

45 Determination of personal injury, unconscionable infliction of emotional distress, monetary relief from breach of US criminal law, and punitive damages requires either voluntary admissions by the defendants or examination of 6 defendants, and 24 others.

46 At issue as well will be determination of remedies appropriate for the conduct of 6 defendants, abusing and misusing the judicial process to further and perpetuate violation of US criminal law.

**V. Certification and Closing**

47 Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivilous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of Signing: 22 December 2021

Signature of Plaintiff  *RCharles Bryfogle*

Printed Name of Plaintiff: R. Charles Bryfogle

19