**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Charles Bryfogle,<br><br>    Plaintiff,<br><br>v.<br><br>Tim A Livingston, et al.,<br><br>    Defendants. | No. CV-21-00546-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendants Livingston and Weiberg's Motion to Dismiss (Doc. 31); Defendant Eby's Motion to Dismiss (Doc. 35); and Defendant Dley's Motion to Dismiss (Doc. 36). Defendants Popat and Todd have joined the Motions to Dismiss by Defendants Livingston, Weiberg, and Eby. (Doc. 44.) All Defendants have raised, among other grounds, the lack of subject matter jurisdiction and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). (Docs. 31, 35–36.) The Court ordered Plaintiff to respond to Defendants' Motions to Dismiss on these jurisdictional grounds. (Doc. 40.) On June 13, 2022, Plaintiff filed his Responses to each of the three pending Motions to Dismiss. (Doc. 47–49.) The deadline to file replies has not yet passed, however, because the Court believes the Motions to Dismiss should be granted, it finds replies would be unnecessary and not aid in resolving the issues.

Defendants have requested oral argument. (Docs. 31, 35–36.) The Court has discretion when determining whether to grant oral argument. Fed. R. Civ. P. 78(a); LRCiv 7.2(f); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide

the issue without oral argument if the parties can submit their papers to the court."); *Bach v. Teton Cty. Idaho*, 207 F. App'x 766, 769 (9th Cir. 2006) ("Due process does not require the district court to hold oral argument before ruling on pending motions."). The Court has reviewed the briefings and finds that oral argument will not aid in the resolution of the issues presented. As such, the request for oral argument is denied. For the following reasons, the Court will grant the Motions to Dismiss for lack of personal jurisdiction.

**I.      Plaintiff's Complaint**

On December 22, 2021, Plaintiff Charles R. Bryfogle filed a Complaint against several Canadian officials including Defendants Tim A. Livingston, Provincial Crown Counsel; David Eby, British Columbia Attorney General; Neil Weiberg, Deputy Regional Crown Counsel; Zeeba Popat, Sgt., Royal Canadian Mounted Police ("RCMP"); Jonah Todd, Corporal, RCMP; and Dev Dley, Justice of the British Columbia Supreme Court. (Doc. 1 at 1–2.) Plaintiff's claims stem from his allegations that Defendants participated in a scheme to illegally use and later suppress wiretap evidence to pursue criminal charges against Plaintiff in Canada. The factual allegations, to the best of the Court's understanding, are that the Federal Bureau of Investigation (FBI) carried out a wiretap monitoring Plaintiff's communications in part while he was in Arizona and New Orleans, and that evidence was later sent from the U.S. Consulate in Vancouver, British Columbia, Canada to the RCMP with a warning that it could not be used to support criminal charges.

A summary of the allegations against each Defendant, as far as the Court can ascertain, is as follows: Livingston, as Crown Counsel, allegedly illegally used the wiretap evidence in criminal proceedings against Plaintiff and then suppressed the evidence. Eby, as British Columbia Attorney General, allegedly participated in the illegal arrest of Plaintiff and aided and abetted the suppression of the wiretap evidence. Weiberg, as Deputy Crown Counsel, allegedly suppressed the wiretap evidence. Popat, as a Sergeant in the RCMP, allegedly fabricated and misused the wiretap evidence to pursue a sting operation against Plaintiff based on false evidence. Todd, as a Corporal in the RCMP, allegedly "reformatted" and "sanitized" the wiretap evidence. Finally, Dley, as Senior Justice of the British Columbia Supreme Court, allegedly participated in suppressing the wiretap

evidence by issuing a gag order as part of a bail release and allegedly obstructed justice by refusing to allow a hearing to lift the order.

Plaintiff outlines nine counts in his Complaint. In each count, he alleges violations of both U.S. Criminal Code and Canadian Criminal Code.[1] Plaintiff alleges throughout his Complaint and Responses that Defendants violated the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510–22, otherwise known as the "Wiretap Act," which prohibits the intentional interception of wire, oral, and electronic communication unless such interception is specifically authorized by a court order. Plaintiff asserts that Defendants violated § 2515 by illegally using evidence of an intercepted wire communication, thereby entitling him to civil penalties under § 2520.

## II.     Standard of Review

---

[1] The Court will not list the alleged violations of Canadian law as this Court has no authority to enforce Canadian law, and Plaintiff repeats in his Responses that he does not ask this Court to enforce Canadian law. Otherwise, the counts are as follows: Count 1A is "Use and Abuse of FBI Evidence by Prosecutor and Police" against Defendants Livingston, Popat, and Todd, alleging violations of 18 U.S.C. §§ 402, 1503, 1505, 1963(c), 2511, 2515, and 2517. Count 1B is "Misuse of FBI Evidence to Entrap and Cover Up After Exposure" against Defendants Livingston, Popat, Todd, and Eby, alleging violations of §§ 402, 1503, 1505, 1963(c), 2511, 2515, and 2517. Count 2A is "Misuse of FBI Evidence to Obstruct Justice by Perverting the Judicial Process" against Defendants Livingston, Popat, and Eby, alleging violations of 18 U.S.C. §§ 402, 1503, 1505, 1509, 1510, 1963(c), 2511, 2515, and 2517. Count 2B is "Misusing the Judicial Process to Bring Illegal Criminal Charges to Fruition" against Defendant Livingston, alleging violations of §§ 402, 1503, 1505, 1509, 1510, 1963(c), 2511, 2515, and 2517. Count 3 is "Criminal Enterprise to Suppress Disclosure of FBI Evidence and Its Misuse" against Defendants Livingston, Eby, Dley, and Wiberg, alleging violations of §§ 402, 1503, 1505, 1509, 1510, 1963(c), 2511, 2515, and 2517. Count 4 is "Criminal Facilitation to Avoid Addressing Violation of 18 U.S.C. 4 and 2515" against Defendants Livingston, Eby, Weiberg, Popat, Todd, and Dley, alleging violations of 18 U.S.C. §§ 4, 402, 1503, 1505, 1509, 1510, 1963(c), 2511, 2515, and 2517. Count 5 is "Criminal Conduct by Defendant Dley to Avoid Disclosure of 2515 Violation" against Defendant Dley, alleging violations of §§ 1503, 1505, 1509, 1510, 1963(c), 2511, 2515, and 2517. Count 6 is "Obstruction of the Judicial Process to Avoid Disclosure of 2515 Breach" against Defendants Livingston, Eby, and Weiberg, alleging violations of §§ 402, 1503, 1505, 1509, 1510, 1963(c), 2511, 2515, and 2517. Finally, Count 7 is "Interference with and Obstruction of the Judicial Process" against Defendant Dley, alleging violations of §§ 402, 1503, 1505, 1509, 1510, 1963(c), 2511, 2515, and 2517.

### a. Federal Rule of Civil Procedure 12(b)(2)

A court must have both subject matter jurisdiction over the alleged claim *and* personal jurisdiction over each defendant in a civil action. Thus, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). If this occurs, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). The plaintiff must make a prima facie showing of jurisdiction in the complaint where, as here, there is no evidentiary hearing. *Id.* A court applies the law of the state in which it sits if there is no applicable federal statute governing personal jurisdiction. *Id.* "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *id.*).

Therefore, to establish personal jurisdiction, a plaintiff must show (1) the state's long-arm statute confers jurisdiction over the defendant and (2) "the exercise of jurisdiction comports with the constitutional principles of due process." *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Arizona's long-arm statute extends personal jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States;" therefore the Court examines whether, pursuant to the Due Process Clause, it may exercise personal jurisdiction over each defendant. *See* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5, 13 P.3d 280, 282 (2000).

The Due Process Clause requires a defendant to have sufficient "minimum contacts" with the forum state such that subjecting the defendant to its jurisdiction does not "offend traditional conceptions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 328 U.S. 310, 316 (1945) (internal quotation marks omitted). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 (1980).

A defendant may have the requisite "minimum contacts" in two ways. First, a court may exercise *general jurisdiction* when a defendant's contacts with the forum state are "continuous and systematic" such that the defendant is at home in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Second, a court may exercise *specific jurisdiction* when "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from *the defendant's* forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (emphasis added).

### III. Discussion

Although they each assert additional grounds for dismissal, all Defendants have raised the lack of personal jurisdiction under Rule 12(b)(2). (Doc. 31, 35–36.) As fully set forth below, the Court agrees it lacks authority to exercise personal jurisdiction over any Defendant. Thus, the Court will dismiss Plaintiff's Complaint for want of personal jurisdiction and shall not address the other dismissal grounds raised.

Each Defendant contests the accuracy of Plaintiff's factual allegations; however, they argue that, even if Plaintiff's allegations were true, these allegations rely entirely on actions purportedly taken by each Defendant in their roles as *Canadian* law enforcement or judicial officials, in criminal proceedings undertaken and prosecuted in *Canadian* court, against Plaintiff, as a citizen of *Canada*. (Doc. 31 at 1–8; Doc. 35 at 1–5; Doc. 36 at 2–3.)

Plaintiff alleges that he is a "part time resident and owner of property in Tucson[,] Arizona." (Doc. 1 at 5.) He further alleges that his claims are proper in the District of Arizona because "the injury to the Plaintiff was initiated in Arizona, carried out in Arizona, and perpetuated from 2017 to present in the US and Canada." (*Id.* at 3.) Plaintiff responded separately to each of the three pending Motions to Dismiss. (Docs. 47–49.) His argument regarding personal jurisdiction, however, is the same for all three. (Doc. 47 at 9–12; Doc. 48 at 7–11; Doc. 49 at 8–12.)

Plaintiff asserts that only the district court can adjudicate claims brought under the

federal Wiretap Act and "[t]he clear and plain language of 18 USC 2511 and 2515 proffers exclusive jurisdiction to a USDC." (Doc. 47 at 9; Doc. 48 at 7–8; Doc. 49 at 8.) He states, "28 USC 1331 gives original jurisdiction to a US District Court to address claim of breach of the Federal Wiretap Act . . . ." (Doc. 47 at 9; Doc. 48 at 7–8; Doc. 49 at 8.) Thus, Plaintiff argues, "The sole issue, for the six Canadian defendants, is whether they violated the US Criminal Code, whether the US Criminal Code proffers premise to compel Canadian defendants to appear before a USDC; whether US criminal law applies to actions taken in Canada." (Doc. 47 at 9; Doc. 48 at 7–8; Doc. 49 at 8.)

Plaintiff is correct that 28 U.S.C. § 1331 grants district courts original jurisdiction over civil actions arising under federal laws, like § 2520 of the Wiretap Act. § 1331 (authorizing federal question jurisdiction). However, Plaintiff conflates subject matter jurisdiction with personal jurisdiction. Although the Court "construe[s] *pro se* filings liberally[,]" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it cannot maintain a suit where, on the face of the Complaint, the Court lacks personal jurisdiction over any defendant and all Defendants have moved to dismiss on this ground.

All the actions alleged in Plaintiff's Complaint, to the extent they may be true, appear to have occurred entirely in Canada. For purposes of personal jurisdiction, Plaintiff's contacts with Arizona are irrelevant. The only alleged connection between Plaintiff's claims against Defendants and Arizona is his allegation that the wiretap—from which the evidence used in Canada was obtained—began or occurred in part while Plaintiff was in Arizona. Even accepting this as true, this is not an action taken by Defendants, but rather by the FBI.[2] Per the Complaint, the FBI then sent this evidence to the RCMP, warning that it could only be used for "INTELLIGENCE AND LEAD PURPOSES ONLY." (*See, e.g.*, Doc. 47-2 at 12.) Plaintiff's present claims arise from his assertion that the use and subsequent suppression of this evidence in Canada by Canadian officials violated laws that this Court is authorized to enforce. As previously stated, this does not negate the need for personal jurisdiction over Defendants.

---

[2] Plaintiff does not take issue with the actions of the FBI, stating, "No wrong is attributed to the actions of the Federal Bureau of Investigation." (Doc. 1 at 5.)

Thus, Plaintiff has not made a prima facie showing that the minimum contacts exist for this Court to exercise personal jurisdiction over any Defendant in this case. First, he has not alleged that Defendants' contacts with Arizona are "continuous and systematic" and neither does the Court find they are, as there are no alleged contacts between Defendants and Arizona. Second, Plaintiff has not shown that any of Defendants' alleged actions took place in Arizona, that Defendants "otherwise purposefully availed [themselves] of the privileges of conducting activities" in Arizona, or that his claims arise out of Defendants' "forum-related activities," again because there are none that are discernable. Moreover, under these circumstances, it would be unreasonable for the Court to exercise jurisdiction over any Defendant in this matter.

If a district court determines that a pleading might be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court here does not find that amendment will aid in establishing personal jurisdiction. Accordingly, the Court will dismiss Plaintiff's Complaint with prejudice for lack of personal jurisdiction under Rule 12(b)(2) and will not address the remaining claims raised by Defendants' Motions to Dismiss.

### IV.    Attorneys' Fees and Costs

Defendants Livingston, Weiberg, Eby, Popat, and Todd not only urge the Court to dismiss the case, but they also ask the Court to award them their attorneys' fees and costs "to deter" Plaintiff from filing "frivolous" lawsuits. (Doc. 31 at 2; Doc. 35 at 2.) However, Defendants have not provided any legal basis, nor further information, for their request for fees and costs. Therefore, the Court will deny the request without prejudice.

### V.    Conclusion

For the reasons outlined above, the Court will dismiss Plaintiff's Complaint with prejudice. Accordingly,

**IT IS ORDERED** that Defendants Livingston, Weiberg, Popat, and Todd's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 31.) The claims against Defendants Livingston, Weiberg, Popat, and Todd are **DISMISSED WITH**

**PREJUDICE**, but Defendants Livingston, Weiberg, Popat, and Todd's request for attorney's fees and costs is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Eby, Popat, and Todd's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 35.) The claims against Defendants Eby, Popat, and Todd are **DISMISSED WITH PREJUDICE**, but Defendants Eby, Popat, and Todd's request for attorney's fees and costs is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Dley's Motion to Dismiss is **GRANTED**. (Doc. 36.) The claims against Defendant Dley are **DISMISSED WITH PREJUDICE.**

Dated this 21st day of June, 2022.

Honorable Raner C. Collins
Senior United States District Judge